**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ALEX J. CLARK,** | ) | **CASE NO. 5:08cv1461** |
| Petitioner, | ) ) | **JUDGE PETER C. ECONOMUS** |
| v. | ) ) | |
| **MICHELLE EBERLIN, Warden,** | ) ) | **MAGISTRATE JUDGE GREG WHITE** |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

Petitioner, Alex J. Clark ("Clark"), *pro se*, challenges the constitutionality of his conviction in the case of *State v. Clark*, Stark County Court of Common Pleas Case No. 2006CR0493. Clark filed his Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on June 17, 2008.[1] On December 16, 2008, Warden Eberlin ("Respondent") filed a Motion to Dismiss. (Doc. No. 8.) Although the Court allowed Clark an extension of time to respond, (Doc. No. 9), he did not file an opposition brief. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Clark's Petition be dismissed.

### I. Procedural History

**A. Conviction**

On May 16, 2006, a Stark County Grand Jury indicted Clark on one count of aggravated vehicular assault and one count of operating a vehicle under the influence of alcohol, a drug of

---

[1] Clark was released from prison on October 12, 2008 but remains under court supervision for three years. *See* Ohio State Bureau of Prisons website, www.drc.state.oh.us/offendersearch.

abuse, or a combination thereof.  (Resp. Exh. 1.)

On September 11, 2006, Clark, represented by counsel, plead guilty to both counts. (Resp. Exh. 2.)  On October 16, 2006, he was sentenced to serve an aggregate prison term of two years.  (Resp. Exh. 3.)  The sentencing order was journalized on October 20, 2006.  *Id.*

### B. Direct Appeal

Clark did not timely appeal to the Fifth District Court of Appeals ("state court of appeals").  Instead, on July 18, 2007, Clark filed a motion for leave to file a delayed direct appeal.[2]  (Resp. Exh. 8.)  On August 31, 2007, the state appellate court denied the motion on the basis that Clark "failed to establish good cause for delay in filing a timely appeal" and because Clark "failed to show that the denial of a delayed appeal would result in a manifest miscarriage of justice."  (Resp. Exh. 10.)

Clark then filed a motion for reconsideration which was denied on October 23, 2007. (Resp. Exh. 12.)  He did not appeal this ruling to the Supreme Court of Ohio.

### C. Post-conviction Proceedings

On April 17, 2007, Clark filed a motion for judicial release.  The trial court denied this request on April 20, 2007.  (Resp. Exhs. 4, 5.)

On June 20, 2007, Clark filed a petition for post-conviction relief with the trial court raising five grounds.  On June 26, 2007, the court denied the petition noting that "the doctrine of *res judicata* . . . precludes claims which were or could have been raised at trial or on direct appeal from being litigated in collateral proceedings such as post conviction petitions filed pursuant to R.C. § 2953.21."  (Resp. Exh. 7.)  The trial court also noted that Clark's petition was untimely filed pursuant to Ohio Rev. Code ("O.R.C.") § 2953.21(A)(1)(2).  *Id*.

Clark timely filed a notice of appeal to the state appellate court raising six assignments of error.  (Resp. Exh. 13.)  On January 22, 2008, the appellate court affirmed the judgment of the trial court, finding Clark's post-conviction petition untimely.  (Resp. Exh. 16.)

Clark filed a timely appeal to the Ohio Supreme Court, which on May 21, 2008, declined

---

[2]From this date forward, all of Clark's court filings were *pro se*.

jurisdiction and dismissed the appeal "as not involving any substantial constitutional question." (Resp. Exh. 18.)

### D. Federal Habeas Petition

On June 17, 2008, Clark filed the instant Petition and asserted six grounds for relief:

>**Ground One**: Denial of the Fourteenth Amendment of the United States Constitution, when the Trial Court Denied Petitions [sic] Due process Rights/Equal Protection of the Law.
>
>**Supporting Facts**: The Trial Court denied the Petitioner's Due process/Equal protection of the Law, when it denied Petitioner's Post-Conviction petition. Petitioner was unavoidably prevented from discovery of the facts upon which Petitioner must rely, in further [sic] the Petition was filed upon evidence that was not afforded to him. (Medical Records) of the alleged victim. The State Prosecution Office failed to disclose this evidence, showing Petitioner was not 100% at fault of the accident, as alleged victim was under the influence of Narcotics.
>
>**Ground Two**: Denial of the Fourteenth Amendment of the United States Constitution when the Trial Court failed to review the Newly discovered evidence.
>
>**Supporting Facts**: Evidence of alleged victim was never introduced or considered in open Court, before Plea Bargain, nor at time of sentencing. This conduct prevented Petitioner of receiving the proper and appropriate proceedings within the Court, the evidence of the alleged victim had shown that she tested positive for: "Cocaine;" Cannabinoid; AND Benzodiazephine [sic] (Anxiety medication) (by the Mercy medical Center, Canton, Ohio.
>
>**Ground Three**: Denied Fifth and Fourteenth Amendment of the United States Constitution, Due process and Equal Protection of the Law.
>
>**Supporting Facts**: Trial Court's acceptance [sic] a Plea Bargain, when the Plea Bargain Jeopardized the "Double Jeopardy Clause," and such Plea Bargain, resulted in the trial Court imposing a sentence beyond the minimum sentence for an Ohio First Time Felony Offender. The original indictment-Charge of Vehicular (Aggravated) Assault was enhanced from a F(4) to a Felony (3), enhancing the sentence.
>
>**Ground Four**: Denied Fifth, Eighth; and Fourteenth Amendment to the United States Constitution, denying Petitioner his Due Process/Equal protection of the Law.
>
>**Supporting Facts**: The Investigating Officer, State of Ohio Trooper Shepherd, upon arrest of Petitioner committed Bias through Stereo-Typing the Retitioner [sic], and failing to interview or interrogating [sic] the opposite and imposing driver. Officer Shepherd focused his attention upon the Petitioner only, and may have been as to the fact that he was a (30) something man, and the opposing/imposing driver was an 18 year old female. If investigated further the Officer would have found that she was under the influence of Narcotics.
>
>**Ground Five**: Denied Effective Assistance Counsel throughout Judicial

Process, Depriving petitioner of the 6th Amend. Of the U.S. Constitution.

**Supporting Facts**: Attorney Christopher Newlon was deficient in his investigation, which had prejudiced his performance for his client, the Petitioner. Attorney Newlon failed to address effective evidence which would have decreased the degree of the penalty, and forcing the petitioner to Plea upon an invalid Indictment.

**Ground Six**: Denial of the Fifth and Fourteenth Amendment of the U.S. constitution, when Petitioner was over-indicted. Denying Petitioner Due Process and Equal Protection of the Law.

**Supporting Facts**: Petitioner was over-indicted by the trial Court (Stark County, Ohio), evidence did not support a Felony 3 conviction, as he was originally arrested upon a Felony 4, which was later increased to a Felony 3, without re-indictment.

(Doc. No. 1.)

Before the Court can address these issues, Clark's Petition must survive Respondent's claim that it is time-barred or show that equitable tolling is applicable. *See Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, because Clark filed his habeas petition after the effective date of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). In the AEDPA, Congress enacted a period of limitations for the filing of habeas petitions. The statute provides, in relevant part:

(d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims

>> presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (2).

### A. Direct Review, § 2244(d)(1)(A)

In the instant case, Respondent asserts that Clark's Petition is time-barred because it was not filed within the one-year limitations period. She contends that Clark's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on November 16, 2006, when the 30-day period for filing a direct appeal with the state appellate court expired. From that date, he had one year, or until November 16, 2007, to timely file a petition. Clark's Petition was not filed until June 17, 2008. Therefore, absent an alternate beginning date for the period of limitations or the applicability of tolling provisions, Clark's Petition is untimely.

### B. Factual Predicate, § 2244(d)(1)(D)

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date. Clark asserted in his postconviction petition filed in state court in June 2007, that he had obtained new medical information indicating that the victim had drugs in her body at the time of the accident. (Resp. Exh. 6, p. 4.) Respondent contends that Clark's factual predicate fails as the state record is clear that on June 19, 2006, prior to Clark's guilty plea and sentencing, he received the medical records of the victim. (Resp. Exh. 14, p. 5 and response to discovery request attached; Doc. 8-3, p. 60; *State v. Clark*, Stark App. Dist. No. 2007CA00206, 2008 Ohio 194, ¶ 18.) "The record reveals the State filed a 'receipt of discovery' with the trial court on June 19, 2006, which had been signed by appellant's trial counsel, showing that medical records for the accident had been provided to the defense." *State v. Clark*, 2008 Ohio 194, ¶ 18.

Moreover, Respondent argues that the victim's medical record does not rise to the level of a factual predicate. Clark did not contest the Bill of Particulars setting forth the following

5

facts:  Clark operated his vehicle under the influence of drugs, alcohol or both, and caused serious physical harm to the victim.  Furthermore, Clark had a blood alcohol content of .209%, and this was his third offense of operating a vehicle under the influence within a six year period.  (Resp. Exh. 9, p. 2; Doc. 8-3, p. 61.)  Additionally, the police report attached to Clark's postconviction petition indicated that he was at-fault for the collision as he drove left of center and struck the victim's vehicle head-on.  (Resp. Exh. 6, Exh F. Police Report.)  The Respondent argues that based on these facts, and in light of Clark's guilty plea, it does not matter what the victim's medical records showed.

Since Clark has made no argument that an alternative start date for the statute of limitations should apply to his case, the Court finds, in keeping with Respondent's argument, that § 2244(d)(1)(D) is inapplicable.

### C.  Tolling of Properly Filed Postconviction Motions, § 2244(d)(2)

Respondent contends that Clark's filing of a motion for judicial release and his untimely postconviction petition do not toll the statute of limitations.  As the motion for judicial release pursuant to O.R.C. § 2929.20 is not considered to be an application for collateral review, it does not toll.  *See Baker v. Wolfe*, 2008 WL 4283355, *3 Case No. 2:07-CV-1059 (S.D. Ohio Sept. 16, 2008).

The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State post-conviction or other collateral review . . . is pending.' § 2244(d)(2) [and t]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006), *quoting Carey v. Saffold,* 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003).  The Supreme Court has held that the limitations period is not tolled during the ninety-day period that a petitioner seeking state postconviction relief could have sought certiorari from the United States Supreme Court.  *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

Only "properly filed" applications for post-conviction relief or collateral review toll the

6

statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 128 S. Ct. 2, 3 (U.S. 2007); *Harrison v. Campbell*, 2007 U.S. App. LEXIS 26986 (9th Cir. 2007).  Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling while the petition was pending. *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

Clark's postconviction petition was untimely filed.  As the state appellate court noted: "[a] court has no jurisdiction to hear an untimely petition for postconviction relief unless the movant meets the requirements in R.C. 2953.23(A)."  (Resp. Exh. 16, ¶ 17.)  O.R.C. § 2953.23(A) sets forth:

> (A) [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section . . . unless division (A)(1) . . . applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, . . .
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . . .

Ohio Rev. Code § 2953.23(A), 2009.

Here, Clark did not demonstrate that he was prevented from discovery of facts relating to the victim's medical record.  Furthermore, Clark did not go to trial, but plead guilty.  Therefore, the exception of § 2953.23(A) was not applicable to Clark, and the state appellate court properly dismissed his petition as untimely.  A state court's interpretation of state law is binding. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).  Moreover, the Ohio Supreme Court does not allow delayed appeals in post-conviction cases.  Ohio S.Ct. Prac. R. II, § 2(A)(4)(b).

**D.  Calculation of Statute**

Clark had thirty days after October 20, 2006, the date the sentencing order was

7

journalized, to timely appeal his conviction.[3] *See* Ohio App. R. 4(A). As Clark did not appeal, his judgment became final on November 20, 2006. The one-year statute of limitations began to run on November 21, 2006. *See* Fed.R.Civ.P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000)("The day of the act, event or default from which the designated period of time begins to run shall not be included.") If nothing tolled Clark's limitations' period, the last day on which he could have filed for habeas relief would have been November 20, 2007.

Clark filed a motion for delayed appeal in the state appellate court on July 18, 2007. The appellate court denied the motion for leave on August 31, 2007. Clark then filed a motion for reconsideration that was denied on October 23, 2007. He did not appeal his application for a delayed appeal to the Ohio Supreme Court. Clark's motion for delayed appeal tolled the statute of limitations. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (holding that the filing of a motion for a delayed appeal may toll the running of the one-year statute, it does not cause the statute to begin running anew when the state court denies the motion.) Clark is entitled to tolling between July 18, 2007, when he filed his delayed appeal, and October 23, 2007, when the state appellate court denied Clark's motion for reconsideration, or a total of 97 days.[4] Therefore, Clark's new date for requesting federal habeas review was February 25, 2008. As the instant Petition was not filed until June 17, 2008, it was well beyond the one-year period.

### E.  Equitable Tolling

Lastly, the Court must determine whether equitable tolling saves Clark's Petition. The petitioner bears the burden of proving that equitable tolling is applicable. *See, e.g., Pace v.*

---

[3]Respondent uses October 16, 2006, the sentencing date, to calculate the limitations period. Pursuant to Ohio App. R. 4(A), a notice of appeal must be filed within thirty days of the entry of judgment. Therefore, Clark's conviction became final on the date the sentencing entry was journalized. *See* Ohio App. R. 4(D).

[4]Permitting Clark to toll until October 23, 2007, is the most favorable calculation to him. He had 45 days to appeal to the Ohio Supreme Court from August 31, 2007, when the state appellate court denied his application, to file a direct appeal. Therefore, under this calculation his time would expire on October 15, 2007. Ohio S.Ct. Prac. R. II § 2(A)(1). Pursuant to Ohio App. R.26(A), motions for reconsideration do not extend the time for petitioning the Ohio Supreme Court.

8

*DiGuglielmo*, 544 U.S. 408, 418 (2005).  In order to be entitled to equitable tolling, Clark must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Id*.; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  Assuming *arguendo* that Clark has diligently pursued his rights, he has not identified any extraordinary circumstance that prevented him from filing a timely habeas petition.  Indeed, he did not file a response to the Respondent's motion to dismiss.  Therefore, Clark is not entitled to equitable tolling.

Without the benefit of equitable tolling, the instant petition is untimely and should be dismissed.

### III.  Conclusion

For the foregoing reasons, the Magistrate Judge recommends Clark's Petition be dismissed.

s/Greg White  
United States Magistrate Judge

Date:  April 28, 2009

**OBJECTIONS**
**Any objection to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**